J. A. SMITH v. J. W. BLANK.

**No. 13,646.**   (76 Pac. 858.)

Error from Wyandotte district court;  E. L. FISCHER, judge.   Opinion filed May 7, 1904.   Dismissed.

*J. A. Smith,* for plaintiff in error. *McFadden & Morris,* for defendant in error.

*Per Curiam:*  This was an action in replevin to recover the possession of a diamond, in which plaintiff recovered judgment, and defendant prosecutes this proceeding in error.

Plaintiff in error is a lawyer residing in Kansas City, Kan. He appeared in this court and argued his case. The facts relied on by him, summarily stated, are that during the pendency of an action in the district court of Lyon county, involving the forgery of a deed claimed to have occurred in his office while he was practicing law in Emporia, J. W. Blank, one of the parties to that action, and the plaintiff in this action, called upon him to induce him either to give false evidence on the trial in favor of J. W. Blank, or absent himself so that his deposition could not be taken or service of subpœna could not be made; that he agreed, in consideration of $200, either to absent himself or to testify falsely. In pursuance of this agreement J. W. Blank paid him ten dollars in cash and gave him the diamond in question to secure the remainder. Smith's contention is that the plaintiff should not recover because he parted with the diamond for an illegal and immoral purpose.

The iniquitous engagement into which Smith entered, according to his own statement, furnishes sufficient cause not only to disbar him from the practice of law, but probably to subject him to fine and imprisonment.

We have not read the briefs nor examined the record. The statement of plaintiff in error convinces us that he is not entitled to anything at the hands of this court but the severest censure and a dismissal of his proceeding.

The proceeding is dismissed.

CUNNINGHAM, J. (concurring specially): I agree that the character of this case, as disclosed by the statements of the plaintiff in error on his oral argument, is such that he should be denied further audience and that his case should be dismissed. Beyond this the court is not now required to make comment.